BARBARA C. ANDERSON & others[1] vs. ATTORNEY GENERAL.

Suffolk. May 20, 1996. - June 3, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Initiative. Constitutional Law,* Initiative petition, General Court. *Attorney General. General Court. Elections,* Term limitation, Validity of petition.

The Attorney General acted properly and within the reasonable exercise of his duties under art. 48 of the Amendments to the Constitution of the Commonwealth in refusing to certify two proposed perfecting amendments to an initiative petition, where he concluded reasonably that the amendments would materially change the substance of the initiative. [812-815]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 8, 1996.

The case was reported by *Lynch*, J.

The case was submitted on briefs.

*Paul Peter Nicolai & Marwan S. Zubi* for Barbara C. Anderson & others.

*Scott Harshbarger,* Attorney General, *& Peter Sacks,* Assistant Attorney General, for the Attorney General.

LYNCH, J. The sponsors of an initiative petition (petitioners) brought this action against the Attorney General seeking relief in the nature of mandamus[2] and declaratory judgment after the Attorney General refused to certify two proposed amendments to the initiative petition (initiative) pursuant to

---

[1]Robert Ford, Citizens for Limited Taxation, and Coalition for Payraise Repeal. Because the individual petitioners are entitled to challenge the Attorney General's actions, we need not decide whether the two plaintiff organizations may also present such a challenge. See *Associated Indus. of Mass.* v. *Attorney Gen.,* 418 Mass. 279, 279 n.1 (1994).

[2]Because we conclude that the Attorney General acted properly we do not reach the question whether mandamus would lie against an Attorney General in the discharge of his duties under art. 48 of the Amendments to the Constitution of the Commonwealth.

art. 48, The Initiative, V, § 2, of the Amendments to the Constitution of the Commonwealth, as amended by art. 81, § 3, of the Amendments. A single justice of this court reserved decision and reported the case to the full court on the basis of the complaint, the answer, and a statement of agreed facts. We declare that the Attorney General's rejection of the proposed amendments was within the reasonable exercise of his duties under art. 48.

The initiative, entitled "An Initiative petition for a law encouraging a citizen legislature accountable to the people,"[3] was filed with the Attorney General, who certified it as complying with the requirements of art. 48 on September 6, 1995.[4] The Attorney General also prepared a summary of the initiative, pursuant to art. 48, The Initiative, II, § 3, as amended by art. 74, § 1, which was printed on the blank petitions prepared for signatures. In the course of preparing the summary, the Attorney General alerted the petitioners that the initiative changed a portion of the term limits law passed through the initiative process in 1994.[5] Over their protests, he included a reference to this change in the summary. He also warned the petitioners at that time that the change would not be subject to correction by the perfecting amendment procedure. The petitioners then acquired at least

---

[3]For a description of the initiative and its purposes, see *Opinion of the Justices, post* 1212, 1212-1214 (1996).

[4]Article 48, The Initiative, II, § 3, of the Amendments to the Constitution of the Commonwealth, as amended by art. 74, § 1, of the Amendments, provides, in pertinent part: "[The Attorney General] shall certify that the measure and the title thereof are in proper form for submission to the people, and that the measure is not, either affirmatively or negatively, substantially the same as any measure which has been qualified for submission or submitted to the people at either of the two preceding biennial state elections, and that it contains only subjects not excluded from the popular initiative and which are related or which are mutually dependent."

[5]"In the State-wide election in 1994, the people enacted a term limits law placed on the ballot through the initiative process. See St. 1994, c. 230. Section 2 of that law added the second paragraph to G. L. c. 3, § 9, which prevents legislators elected after four terms in nine consecutive years from earning any compensation. . . . The initiative alters the term limits language in the second paragraph of G. L. c. 3, § 9, by deleting the words 'and any senator in the general court who has served, or but for resignation would have served, four consecutive terms in that office within the preceding nine years.' The effect of this omission is to apply the 'no compensation' provisions of the term limits law to State representatives, but not to State senators." *Opinion of the Justices, supra* at 1224-1225.

the required number of signatures on the initiative and filed it
with the Secretary of the Commonwealth, who transmitted it
to the General Court for its consideration.

The House of Representatives sought the opinion of the
Justices on the initiative's constitutionality by an order
adopted March 11, 1996. The Justices opined that the initia-
tive did not comply with the procedural requirements of art.
48 in two respects: First, the Justices were of opinion that the
initiative contained subjects that are not related (see note 3,
*supra*). Specifically, the initiative would permit the Inspector
General to oversee the records of the commissioner of
veterans' services. The Justices were also of opinion that this
provision "does not relate in any meaningful way" to the
common purpose of the initiative: improving legislative ac-
countability. *Opinion of the Justices, post* 1212, 1220-1221
(1996). Second, the Justices opined that, by omitting a por-
tion of the 1994 term limits law, the initiative related to a
measure, the substance of which had been enacted in the last
State-wide election, and thus was in violation of the provi-
sions of art. 48 (see note 3, *supra*). *Id.* at 1225.

After the General Court failed to act on the initiative before
the first Wednesday of May, see *Opinion of the Justices*, 370
Mass. 869, 872, 875 & n.3 (1976); *Opinion of the Justices*, 318
Mass. 793, 796-797 (1945), the petitioners submitted two
purported perfecting amendments to the Attorney General.
The first amendment seeks to remove the unrelated matter
from the initiative. The second amendment seeks to restore
the omitted language from the term limits law. The Attorney
General refused to certify either of the amendments, stating,
inter alia, that they would materially change the substance of
the initiative, in violation of art. 48, The Initiative, V, § 2, as
amended.[6] The petitioners then filed this action.

In reviewing any action regarding proposed perfecting
amendments, "we should accept any reasonable judgment
expressed by the Attorney General." *Massachusetts Teachers
Ass'n* v. *Secretary of the Commonwealth*, 384 Mass. 209, 238
(1981). We have interpreted the amendments relatively nar-
rowly. Although we have upheld amendments that "do more

---

[6]Under the cited provision, the Attorney General must certify that each
amendment proposed by a majority of the first ten petitioners "is in his
opinion perfecting in its nature and does not materially change the
substance of the measure." Art. 48, The Initiative, V, § 2, as amended.

than make changes in 'form and phraseology,'" *id.* at 237, quoting 2 Debates in the Massachusetts Constitutional Convention 1917-1918, 773 (1918), we have done so only when reviewing the Attorney General's decision to allow an amendment. See *Associated Indus. of Mass.* v. *Attorney Gen.*, 418 Mass. 279, 293 (1994) (Attorney General's certification of amendment was upheld where "officers and directors *or* the business organizations" changed to "officers and directors *of* the business organizations" [emphasis added]); *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, *supra* at 237-238 (Attorney General's certification of amendment found reasonable where reference to § 4A of St. 1973, c. 1078, was changed to § 4); *Bowe* v. *Secretary of the Commonwealth*, 320 Mass. 230, 233 (1946) (Attorney General's certification of amendment was upheld where petition's erroneous reference to a law purportedly amending the statute to be changed was struck). See also *Citizens for a Competitive Mass.* v. *Secretary of the Commonwealth*, 413 Mass. 25, 26 n.3 (1992) (perfecting amendment referred to but not acted on); *Buckley* v. *Secretary of the Commonwealth*, 371 Mass. 195, 196 (1976) (same).

We have found no reported case in which the court was asked to review the Attorney General's refusal to certify an amendment. In such a case, we shall defer to the Attorney General's expressed judgment that the amendment materially changes the substance of the initiative unless that judgment is unreasonable. We draw support for this conclusion from the debates of the 1917-1918 constitutional convention, whose delegates understood that the Attorney General had some degree of discretion in determining which amendments are perfecting.[7] Those delegates also appreciated the narrowness of the amendment provision, as they explicitly rejected an attempt to broaden its reach. A proposal that would have al-

---

[7]Consider, for example, this exchange between two delegates to the convention:

"Mr. Blackmur: 'Would not any change in the substance of the bill be a material change? How could the Attorney-General judge what would be a minimum or maximum change which might be made from the language used, unless he decided that any change in the substance of the bill was a material change?'

"Mr. Walker: 'I simply will say that it is and necessarily must be a discretionary power to a certain extent. . . . I believe this is a useful provision: to allow the Attorney-General, in other words, to use his discretion in

lowed any amendment which did not materially change the "purpose and scope" of the initiative was rejected in favor of the original language on the ground that the "purpose and scope" language would "broaden very widely" the power of the initial signers to make perfecting amendments, a result the delegates did not favor. 2 Debates in the Massachusetts Constitutional Convention 1917-1918, 776-778 (1918).

In this context it was reasonable for the Attorney General to reject the proposed amendment regarding the Inspector General's oversight of the commissioner of veterans' services. Although the provision is not related to the purpose and scope of the initiative, see *Opinion of the Justices, supra* at 1221, it was nonetheless reasonable for the Attorney General to rule that its removal was a material change of the initiative's substance. The power of the Inspector General to investigate an agency of the executive branch is a substantial matter in its own right, and an amendment which would take away that power is reasonably construed to be a material change. We conclude that the Attorney General acted reasonably in denying the proposed amendment.

The Attorney General's decision with regard to the second proposed amendment was also reasonable. The term limits portion of the initiative is certainly a substantial matter. The proposed amendment would restore the reference to State senators deleted from the term limits compensation law. It was certainly reasonable for the Attorney General to determine that such a change would be material, where it affects the compensation of State senators, an entire branch of the Legislature. In addition, the Attorney General based his decision in part on the fact that he had already determined

the matter, in consultation with the first ten signers, limited as the words here would limit him.'

"Mr. Blackmur: 'Let me ask the gentleman if he believes, if it should appear after discussion that there was some harmful provision in a bill, not necessarily destroying the entire purpose of the bill, and it was desired to eliminate that section or portion, whether under the form of this amendment the Attorney-General then could certify that there had not been a material change, although the whole ten men agreed that such a change might be made. Could any authority be given for such a change?'

"Mr. Walker: 'That is a discretionary power, not even strictly a legal power. It is a discretionary power in the hands of the Attorney-General, to permit putting in this kind of amendment.' " 2 Debates in the Massachusetts Constitutional Convention 1917-1918, 773 (1918).

that the matter was substantial enough to require a reference in the initiative summary.[8] Furthermore, we determine that the Attorney General reasonably concluded that the summary could not be altered in such a significant way.[9]

We have affirmed the Attorney General's approval of a perfecting amendment where the amendment served to resolve an inconsistency between the summary and the initiative. See *Associated Indus. of Mass.* v. *Attorney Gen., supra* at 293; *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth, supra* at 237. We conclude that the Attorney General's decision to deny this amendment and thus prevent the creation of such an inconsistency was reasonable.[10]

While we may not intervene in the legislative process,[11] it is not an act of intervention for us to declare the law of the Commonwealth applicable to the controversy before us, especially because, "[i]n the practical operation of the initiative process, it is desirable that determinations be made before the people vote rather than after." *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth, supra* at 230. In any event since we deny the petition, the practical effect of our decision today is to decline to intervene in the legislative process. Our holding today declares the conclusion of law that leads us to decline such intervention. Accordingly, we hereby adopt the

[8]The summary states in part: "After four consecutive terms in office within the preceding nine years, a state representative would not receive any salary. This limit would not apply to a state senator."

[9]As noted above, the Attorney General had anticipated this problem and warned the petitioners of it before they began collecting signatures.

[10]The petitioners argue that the summary should be irrelevant to the Attorney General's decision because: (1) we permit "minor omissions or errors" in the summary, see *Tobias* v. *Secretary of the Commonwealth*, 419 Mass. 665, 671 n.9 (1995); and (2) the Attorney General has the power to amend the summary to correct any inconsistency with the initiative. Because we conclude on grounds not limited to the discrepancy that would arise between the summary and this proposal as amended that the Attorney General's decision to reject the proposed amendment was reasonable, we need not resolve these issues.

[11]The rationale for this restraint is set out in *Bowe* v. *Secretary of the Commonwealth*, 320 Mass. 230, 246-247 (1946), quoted in *Paisner* v. *Attorney Gen.*, 390 Mass. 593, 597 (1983): "The people acting by means of the initiative . . . can enact measures that violate the fundamental and supreme law of the Constitution and that consequently have no force or effect. But no court can interfere with the process of legislation . . . by the people, before it is completed, to prevent the possible enactment of an unconstitutional measure."

opinion of the Justices regarding the constitutionality of the initiative.

We remand the case to the county court for entry of a judgment declaring that the Attorney General's denial of the proposed amendments to the initiative was within the reasonable exercise of his duties under art. 48.

*So ordered.*